| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Rosendo Gonzalez<br>Gonzalez & Assoc APLC<br>530 S Hewitt St<br>Ste 148<br>Los Angeles, CA 90013<br><br>213-452-0070<br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>MAYWOOD DONUT CO., INC.<br><br><br>Debtor(s). | CASE NO.: 2:13-bk-38793-TD<br><br>CHAPTER: 7<br><br><br><br>ADVERSARY NUMBER: 2:14-ap-01615-TD |
|---|---|
| Pamela Nicholas Hall<br><br>**(See Attachment A for names of additional plaintiffs)**<br><br>Plaintiff(s)<br><br>Versus<br><br>Mary Nicholas Torres<br><br>**(See Attachment A for names of additional defendants)**<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **10/27/2014.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **December 3, 2014** |
| **Time:** | **10:00 AM** |
| **Hearing Judge:** | **Thomas B. Donovan** |
| **Location:** | **255 E Temple St., Crtrm 1345, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: September 25, 2014

By: _____ "s/" Patricia Pennington-Jones _____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Pamela Nicholas Hall<br>William Nicholas<br>MAYWOOD DONUT CO., INC. | Mary Nicholas Torres<br>Sophia Nicholas<br>Georgina Nicholas Labourdette<br>Claudia Osuna<br>Juan F Dotson<br>OSUNA & DOTSON LAW FIRM |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

530 S. Hewitt St., Ste. 148, Los Angeles, CA 90013

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 09/29/2014 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached

    ☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (date) 09/29/2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Attached

    ☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/29/2014 | Stephanie Kang | |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 7004–1.SUMMONS.ADV.PROC**

## ADDITIONAL SERVICE INFORMATION

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

   - **Rosendo Gonzalez**   rossgonzalez@gonzalezplc.com,
     rgonzalezatty@ecf.epiqsystems.com;rossgonzalez@earthlink.net;cmorales@gonzalezplc.com
   - **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

2. **SERVED BY UNITED SATES MAIL:**

Mary Nicholas Torres
10535 Cole
Whittier, CA 0604

Georgina Nicholas Labourdette
2445 S. Stagecoach Lane
Fallbrook, CA 92028

Sophia Nicholas
8550 Lowman Avenue
Downey, CA 90241

Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, Ca 90631

Claudia Osuna
2067 W. Whittier Blvd.
La Habra, Ca 90631

Juan Dotson
2067 W. Whittier Blvd.
La Habra, Ca 90631

Claudia Osuna
13333 Paramount Blvd.
South Gate, CA 90280

Juan Dotson
13333 Paramount Blvd.
South Gate, CA 90280

1  ROSENDO GONZALEZ (State Bar No. 137352)
   GONZALEZ & ASSOCIATES, P.L.C.
2  530 S. Hewitt Street, Suite 148
   Los Angeles, California 90013
3  Telephone (213) 452-0070
   Facsimile (213) 452-0080
4  E-mail: rossgonzalez@gonzalezplc.com

5  Counsel for William Nicholas, Pamela Nicholas
   Hall and Maywood Donut Co., Inc., Plaintiffs
6

7

8            **UNITED STATES BANKRUPTCY COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10               **LOS ANGELES DIVISION**

11
   In re                        )   BK. No. 2:13-bk-38793-TD
12                               )      [Chapter 7]
   MAYWOOD DONUT CO., INC.,      )
13                               )
                                 )
14           Debtor.             )
                                 )
15  ─────────────────────────────)
   WILLIAM NICHOLAS, an          )   Adv. No. _____
16  individual and Trustee of the )
   Beulah Nicholas Living Trust; )
17  PAMELA NICHOLAS HALL, an      )
   individual and Trustee of the )
18  Beulah Nicholas Living Trust; )
   and, MAYWOOD DONUT CO., INC., )   COMPLAINT TO RECOVER DAMAGES
19  a California corporation,     )   FOR VIOLATION OF THE
                                 )   AUTOMATIC STAY PURSUANT TO
20           Plaintiffs,         )   11 U.S.C. §§ 105 AND 362
                                 )
21  v.                           )
                                 )
22  MARY NICHOLAS TORRES, an      )
   individual; SOPHIA NICHOLAS,  )
23  an individual; GEORGINA       )
   NICHOLAS LABOURDETTE, an       )
24  individual; CLAUDIA OSUNA, an )
   individual; JUAN F. DOTSON, an)
25  individual; and, OSUNA &      )
   DOTSON LAW FIRM, Form Unknown,)
26                               )
             Defendants.          )
27                               )
                                 )
28  ─────────────────────────────)

c:\home\2221\2221.001
01/09/02 rg                              -1-

1     William Nicholas, Pamela Nicholas Hall and Maywood Donut

2   Co., Inc., the plaintiffs in this adversary proceeding

3   (collectively, the "Plaintiffs"), through their counsel of

4   record, Gonzalez & Associates, P.L.C., respectfully represent and

5   allege as follows:

6

7                        **JURISDICTION/VENUE**

8

9     1.    This adversary proceeding arises in and relates to

10   bankruptcy case number 2:13-bk-38793-TD, *In re Maywood Donut Co.,*

11   *Inc.*, which is presently pending before the United States

12   Bankruptcy Court for the Central District of California, Los

13   Angeles Division.

14     2.    This bankruptcy case was commenced by the filing by

15   Maywood Donut Co., Inc. with a voluntary Chapter 7 petition under

16   the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on

17   December 5, 2013.

18     3.    This Court has jurisdiction over this adversary

19   proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

20     4.    The venue is proper in this district pursuant to

21   23 U.S.C. § 1409.

22     5.    This action is a core proceeding under 28 U.S.C.

23   § 157(b)(2)(A) and (O).  This Court can and should enter a final

24   judgment herein.

25   ///

26   ///

27   ///

28   ///

1                              **PARTIES**

2

3        6.    Plaintiff William Nicholas is an individual, co-

4   trustee and beneficiary of the Beulah Nicholas Living Trust (the

5   "Living Trust")("W. Nicholas").

6        7.    Plaintiff Pamela Nicholas Hall is an individual, co-

7   trustee and beneficiary of the Living Trust ("P. Nicholas").

8        8.    Plaintiff Maywood Donut Co., Inc. is a California

9   corporation and the debtor in this bankruptcy case (the

10  "Debtor").

11       9.    Defendant Mary Torres Nicholas is an individual and a

12  beneficiary of the Living Trust ("M. Nicholas").

13       10.   Defendant Sophia Nicholas is an individual and a

14  beneficiary of the Living Trust ("S. Nicholas").

15       11.   Defendant Georgina Nicholas Labourdette is an

16  individual and a beneficiary of the Living Trust ("G. Nicholas").

17       12.   M. Nicholas, S. Nicholas, G. Nicholas, W. Nicholas

18  and P. Nicholas are all siblings and equal beneficiaries of the

19  Living Trust.

20       13.   Defendant Osuna & Dotson Law Firm, form unknown, is a

21  law firm representing M. Nicholas, S. Nicholas and G. Nicholas,

22  with offices in La Habra and South Gate, California ("O&D").

23       14.   Defendant Juan F. Dotson is an individual, an

24  attorney licensed in the State of California and member of O&D

25  ("Dotson").

26       15.   Defendant Claudia C. Osuna is an individual, an

27  attorney licensed in the State of California and member of O&D

28  ("Osuna").

1       16.    David M. Goodrich was duly appointed and acting

2    Chapter 7 trustee in this case (the "Trustee").

3       17.    Roxanne Nicholas is an individual and the spouse of

4    W. Nicholas ("R. Nicholas").

6                          **FACTUAL ALLEGATIONS**

8       18.    The Living Trust owns and/or owned a real estate

9    property commonly described as 6170-6174 Maywood Avenue,

10   Huntington Park, California 90255 (the "Property").

11      19.    Each sibling [W. Nicholas, P. Nicholas, M. Nicholas,

12   S. Nicholas and G. Nicholas] has and/or had an equal twenty

13   percent (20%) ownership interest in the Property.

14      20.    Pursuant to the Living Trust, the siblings also

15   received the following ownership interest in the Debtor: 46% to

16   W. Nicholas, 36% to P. Nicholas, 6% to M. Nicholas, 6% to S.

17   Nicholas and 6% to G. Nicholas.

18      21.    Prior to filing for bankruptcy protection, the Debtor

19   leased the Property from the Living Trust.

20      22.    Prior to the commencement of this bankruptcy case and

21   on or about October 29, 2013, a lawsuit was filed with the Los

22   Angeles County Superior Court (Case No. BC 526011)(the "State

23   Court Action"), by M. Nicholas, S. Nicholas and G. Nicholas

24   (collectively, the "State Court Plaintiffs") for: (1) breach of

25   fiduciary duty, (2) alter ego liability, (3) money had and

26   received, (4) conversion, (5) unjust enrichment, (6) an

27   accounting, (7) specific performance, (8) declaratory relief, (9)

28   conspiracy and (10) appointment of a receiver against W.

P:\home\3398\3398.003.complaint.wpd
9/19/14  RG                        -4-

1   Nicholas, P. Nicholas, R. Nicholas and the Debtor (collectively,

2   the "State Court Defendants").

3         23.    The State Court Plaintiffs were represented by

4   Dotson, Osuna and O&D.

5         24.    After the commencement of the State Court Action and

6   on December 5, 2013, the Debtor filed for bankruptcy protection

7   under Chapter 7 of the Bankruptcy Code.

8         25.    In Schedule "F," the Debtor included O&D on behalf of

9   the State Court Plaintiffs as a creditor.

10        26.    In response to question no. 4 of the Statement of

11  Financial Affairs, the Debtor identified the State Court Action.

12        27.    In response to question no. 21 of the Statement of

13  Financial Affairs, the Debtor disclosed the ownership interest

14  [by name and address] of W. Nicholas, P. Nicholas, M. Nicholas,

15  S. Nicholas and G. Nicholas in the Debtor.

16        28.    Copies of part of the Debtor's petition, Schedule "F"

17  [partial] and Statement of Financial Affairs [partial] are

18  attached hereto and are collectively incorporated herein as

19  Exhibit "1."

20        29.    On or about December 9, 2013, Rosendo Gonzalez of

21  Gonzalez & Associates, P.L.C., counsel for the Sate Court

22  Defendants [other than the Debtor] in the State Court Action and

23  counsel for the Debtor in this bankruptcy case ("Gonzalez"),

24  wrote a letter, sent via facsimile and first class mail, to Osuna

25  regarding: (i) the Debtor's bankruptcy filing, and (ii) *the on-*

26  *going violation of Section 362 of the Bankruptcy Code with the*

27  *State Court Plaintiffs' continuation of the State Court Action*

28  *without dismissing the Debtor or obtaining relief from the*

P:\home\3398\3398.003.complaint.wpd
9/19/14  RG                          -5-

1   *automatic stay.*  A copy of Gonzalez's December 9, 2013 letter to

2   Osuna is attached hereto and is incorporated herein as Exhibit

3   "2."

4        30.   No response was received to that letter and the

5   Debtor was not dismissed from the State Court Action.

6        31.   At the Debtor's initial meeting of creditors,

7   conducted on January 6, 2014, Osuna participated and asked

8   questions of the Debtor's representative, R. Nicholas, before the

9   Trustee.

10        32.   Despite having actual knowledge and notice of this

11   bankruptcy case, M. Nicholas, S. Nicholas, G. Nicholas, Dotson,

12   Osuna and O&D (collectively, the "Defendants") continued with the

13   State Court Litigation against the State Court Defendants,

14   including the Debtor.

15        33.   With the filing of the State Court Action, the

16   Defendants improperly recorded a *lis pendens* against the Property

17   seeking to prevent the sale.  After refusing to remove it, the

18   Los Angeles County Superior Court on January 7, 2014, granted the

19   State Court Defendants' *ex parte* motion to expunge the *lis*

20   *pendens* and to award monetary sanctions in the amount of $3,285

21   against the State Court Plaintiffs (the "January 2014 Order").  A

22   copy of the January 2014 Order is attached hereto and is

23   incorporated herein as Exhibit "3."

24        34.   In response to that ruling, the State Court

25   Plaintiffs then requested on an *ex parte* motion the modification

26   of the January 2014 Order and the continuance of the matters to a

27   new hearing for February 7, 2014.

28   ///

35.    Upon learning of the State Court Plaintiffs' new requests, on or about January 9, 2014, Gonzalez wrote a letter to Osuna, sent via facsimile and first class mail, protesting the improper conduct and *again reminding Osuna and her clients of the on-going violation of Section 362 of the Bankruptcy Code*. A copy of Gonzalez's January 9, 2014 letter to Osuna is attached hereto and is incorporated herein as Exhibit "4."

36.    On or about January 11, 2014, Dotson responded to the January 9, 2014 letter by writing to Gonzalez that they were not purportedly proceeding against the Debtor, but nevertheless and inexplicably Dotson requested that the Debtor produce books and records. A copy of Dotson's January 11, 2014 letter to Gonzalez is attached hereto and is incorporated herein as Exhibit "5."

37.    In response, on or about January 13, 2014, Gonzalez wrote a letter to Osuna, sent via facsimile and first class mail, reminding Osuna and her clients *that they could not continue with the State Court Action against the Debtor without obtain relief from the automatic stay*. A copy of Gonzalez's January 13 2014 letter to Osuna is attached hereto and is incorporated herein as Exhibit "6."

38.    On or about January 14, 2014, Gonzalez wrote another letter to Osuna, sent via facsimile and first class mail, with respect to improper harassment of the State Court Defendants' and their family members, and *again informing Osuna that they were in violation of Sections 105 and 362 of the Bankruptcy Code*. A copy of Gonzalez's January 14, 2014 letter to Osuna is attached hereto and is incorporated herein as Exhibit "7."

///

1      39.   On or about February 6, 2014, the State Court

2  Plaintiffs filed a case management statement in the State Court

3  Action (the "Case Management Statement").   They *acknowledged that*

4  *the Debtor was in bankruptcy and that they needed to obtain*

5  *relief from the automatic stay.*   *See*, Sections 15 and 19 of the

6  Case Management Statement.   A copy of the Case Management

7  Statement is attached hereto and is incorporated herein as

8  Exhibit "8."

9      40.   Despite the representations made in the Case

10 Management Statement, the State Court Plaintiffs continued with

11 the State Court Action without seeking relief from the automatic

12 stay.

13     41.   The case management conference and all related

14 matters were later continued from February 7, 2014, to March 12,

15 2014, in the State Court Action.

16     42.   The Property was sold for $750,000 and escrow closed.

17     43.   However, att the March 12, 2014, the Los Angeles

18 County Superior Court granted in part and denied in part the

19 State Court Defendants' *ex parte* motion seeking to find the State

20 Court Plaintiffs and their counsel in civil contempt and grated

21 the State Court Plaintiffs' *ex parte* motion to block the sale

22 proceeds from distribution.   Copies of the two (2) orders entered

23 on March 12, 2014, are attached hereto and are collectively

24 incorporated herein as Exhibit "9."

25     44.   On or about March 17, 2014, the State Court

26 Plaintiffs filed a motion for leave to file an amended complaint

27 against the State Court Defendants, including the Debtor (the

28 ///

P:\home\3398\3398.003.complaint.wpd
9/19/14 RG                    -8-

1  "Motion to Amend Complaint"). The State Court Defendants filed

2  an opposition to the Motion to Amend Complaint.

3       45.  The State Court Plaintiffs also filed a motion

4  for permanent injunction to prevent distribution of the proceeds

5  from sale of to the Property [wherein escrow had closed in April

6  2014 (the "Permanent Injunction Motion"). The State Court

7  Defendants filed an opposition to the Permanent Injunction

8  Motion.

9       46.  The State Court Plaintiffs further served numerous

10 discovery requests, including various "notices to consumer or

11 employee and objection" **addressed to the Debtor** [relating to

12 records the Debtor's accountant's records].

13      47.  On or about March 28, 2014, Gonzalez wrote a letter

14 to Dotson informing him, O&D and the State Court Plaintiffs,

15 again, of *the improper conduct of seeking to conduct discovery*

16 *against the Debtor in the State Court Action in violation of*

17 *Section 362 of the Bankruptcy Code and Rule 2004 of the Federal*

18 *Rules of Bankruptcy Procedure.* A copy of Gonzalez's March 28,

19 2014 letter to Dotson is attached hereto and is incorporated

20 herein as Exhibit "10."

21      48.  On or about April 1, 2014, Dotson wrote a letter to

22 Gonzalez agreeing to withdraw the subpoena as to the Debtor's

23 documents. A copy of Dotson's April 1, 2014 letter to Gonzalez

24 is attached hereto and is incorporated herein as Exhibit "11."

25      49.  Nevertheless, the State Court Plaintiffs continued

26 with the State Court Action against the Debtor.

27      50.  In fact, on or about May 9, 2014, Dotson served

28 twelve (12) sets of discovery requests in the State Court Action.

1     51.  At the hearing on May 24, 2014, the Los Angeles

2 County Superior Court denied the State Court Plaintiffs' Motion

3 to Amend and denied the State Court Plaintiffs' Permanent

4 Injunction Motion.   Copies of the Los Angeles County Superior

5 Court's tentative ruling and court minutes adopting the ruling

6 are attached hereto and are collectively incorporated herein as

7 Exhibit "12."

8     52.  Apparently in response to the rulings, Dotson twice

9 gave notice to Gonzalez of the State Court Defendants' intention

10 to on an *ex parte* basis seek to somehow seek the same relief

11 denied at the May 23, 2014 hearing.   The State Court Defendants

12 prepared oppositions to the motions.   However, Dotson did not

13 proceed (both times) with the noticed *ex parte* matters.

14     53.  As such, on or about July 9, 2014, Gonzalez wrote a

15 letter to Dotson, sent via email and first class mail, discussing

16 the improper conduct of Dotson and his clients and requesting the

17 payment for the attorney's fees incurred.   A copy of Gonzalez's

18 July 9, 2014 letter is attached hereto and is incorporated herein

19 as Exhibit "13."

20     54.  No response was received.

21     55.  On June 10, 2014, M. Nicholas, purportedly on behalf

22 of the Living Trust, filed a proof of claim in the amount of

23 $214,000 in this case (Official Claim No. 9)(the "Living Trust

24 Claim").   A copy of the Living Trust Claim [without the State

25 Court Action complaint] is attached hereto and is incorporated

26 herein as Exhibit "14."

27 ///

28 ///

1      56.    On July 9, 2014, M. Nicholas filed a motion for

2  relief from the automatic stay in this bankruptcy case (the

3  "Motion for Relief").

4      57.    On July 11, 2014, Gonzalez wrote a letter to Osuna,

5  sent via email and first class mail, requesting that the Motion

6  for Relief be withdrawn, since there was no basis to support that

7  motion.  A copy of Gonzalez's July 11, 2014 letter to Osuna is

8  attached hereto and is incorporated herein as Exhibit "15."

9      58.    The Motion for Relief was not withdrawn and the

10  Plaintiffs filed an opposition to the Motion for Relief.

11      59.    At the hearing on the Motion for Relief on August 7,

12  2014, this Court discussed in detail the improper conduct

13  exhibited by the State Court Plaintiffs, Osuna and Dotson in

14  proceeding with the State Court Action since December 2013

15  without seeking relief from stay and pointed to the likely

16  liability arising from such conduct.  In response, they agreed to

17  voluntary withdraw the Motion for Relief.

18      60.    In order to avoid additional litigation, Gonzalez had

19  a number of verbal and written communications with Osuna and

20  Dotson in an unsuccessful attempt to address and resolve the

21  liability created by the violation of Section 362 of the

22  Bankruptcy Code.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

<u>**CLAIM FOR RELIEF**</u>

<u>**(To Recover Damages [Actual and Punitive], Including**</u>

<u>**Attorney's Fees And Costs Resulting From The Willful**</u>

<u>**Violation Of The Automatic Stay**</u>

<u>**Pursuant 11 U.S.C. §§ 105 & 362(k))**</u>

61.    Plaintiffs repeat the allegations in paragraphs 1 through 60 of this complaint with the same effect as if set forth here.

62.    On December 5, 2013, the Debtor filed a voluntary petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code.

63.    Instead of dismissing the Debtor from the State Court Action or promptly seeking relief from the automatic stay, the Defendants actively continued with the State Court Action, including conducting extensive discovery, filing numerous pleadings against the Debtor and participating in several hearings in the State Court Action.

64.    On numerous occasions, including December 9, 2013 [Exhibit "2"], January 9, 2014 [Exhibit "4"], January 13, 2014 [Exhibit "6"] , January 14, 2014 [Exhibit "7"], March 28, 2014 [Exhibit "10"], and July 11, 2014 [Exhibit "15"], the Defendants were specifically informed of the Debtor's bankruptcy filing and of the direct violation of the provisions of Section 362 of the Bankruptcy Code.

65.    The Defendants continued with the State Court Action despite having specific knowledge and notice of the Debtor's bankruptcy filing.

66.    In fact, and as of the date of this pleading, the Defendants have still not voluntarily dismissed the Debtor from the State Court Action nor have they obtained relief from the automatic stay to continue with the State Court Action.

67.    W. Nicholas and P. Nicholas, as co-trustees and beneficiaries of the Living Trust [holder of the ownership interests of the Debtor] have incurred attorney's fees in this bankruptcy case and in the State Court Action in responding to the conduct and tactics of the Defendants in direct violation of Section 362 of the Bankruptcy Code.

68.    Rosendo Gonzalez of Gonzalez & Associates, P.L.C., counsel for the State Court Defendants and counsel for the Debtor in this bankruptcy case, has spent as of the date of this pleading approximately 185 hours in the State Court Action and in this bankruptcy case.    Gonzalez's regular hourly rate is $400. In addition to fees in excess of approximately $74,000, there have been costs and expenses already incurred in excess of $4,400.

69.    In addition to said damages, W. Nicholas and P. Nicholas have been personally damaged by the conduct and tactics of the Defendants.    For example, W. Nicholas's condition [cancer] has gotten substantially worse since December 2013 [commencement of the Defendants' willful violation of the automatic stay].    The amount of the physical damages caused by the Defendants will be ascertain at trial.

70.    The repeated, bad faith and willful conduct and tactics of the Defendants do justify the recovery of punitive damages in this case for an amount to be determined at trial.

1      71.    Pursuant to the provisions of 11 U.S.C. §§ 105 and

2   362(k), the Plaintiffs are entitled to recover damages [actual

3   and punitive] in an amount to be determined at trial, together

4   with attorney's fees and interest thereon as provided for by law.

5      WHEREFORE, the Plaintiffs pray for judgment against the

6   Defendants as follows:

7      1.    On the Cause of Action, to recover damages [actual and

8   punitive] pursuant to Sections 105 and 362 of the Bankruptcy Code

9   against the Defendants;

10     2.    For attorney's fees;

11     3.    For costs of suit incurred herein; and

12     4.    For such other and further relief as the Court may

13  deem just and proper.

14  Dated:  September 19, 2014     GONZALEZ & ASSOCIATES
                                   A Professional Law Corporation

15

16

17

18                                 By:_____
                                       ROSENDO GONZALEZ
19                                 Counsel for William Nicholas,
                                   Pamela Nicholas Hall and Maywood
20                                 Donut Co., Inc., Plaintiffs

21

22

23

24

25

26

27

28

# Exhibit "1"

B1 (Official Form 1) (4/13)

| United States Bankruptcy Court | Voluntary Petition |
| --- | --- |
| *CENTRAL* DISTRICT OF *CALIFORNIA* | |

| Name of Debtor   (if individual, enter Last, First, Middle):<br>*MAYWOOD DONUT CO., INC.,*<br>*a California Corporation* | Name of Joint Debtor   (Spouse)(Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>*NONE* | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): *95-2926909* | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor   (No. & Street, City, and State):<br>*6174 MAYWOOD AVENUE*<br>*HUNTINGTON PARK, CA*     ZIPCODE *90255* | Street Address of Joint Debtor   (No. & Street, City, and State):     ZIPCODE |
| County of Residence or of the<br>Principal Place of Business: | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor   (if different from street address):<br>*SAME*     ZIPCODE | Mailing Address of Joint Debtor   (if different from street address):     ZIPCODE |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):   *SAME*     ZIPCODE | |

**Type of Debtor**   (Form of organization)
(Check one box.)

☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
☒ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (if debtor is not one of the above
  entities, check this box and state type of
  entity below

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by,
regarding, or against debtor is pending:

**Nature of Business**
(Check one box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined
  in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed**
(Check one box)

☒ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition
  of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition
  of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

☐ Debts are primarily consumer debts, defined
  in 11 U.S.C. § 101(8) as "incurred by an
  individual primarily for a personal, family,
  or household purpose"
☒ Debts are primarily
  business debts.

**Chapter 11 Debtors**
**Check one box:**
☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts
  owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment*
  *on 4/01/16 and every three years thereafter).*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
☐ A plan is being filed with this petition
☐ Acceptances of the plan were solicited prepetition from one or more
  classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee**   (Check one box)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must
  attach signed application for the court's consideration certifying that the debtor
  is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must
  attach signed application for the court's consideration. See Official Form 3B.

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
| --- | --- |
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

**Estimated Assets**

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B6F (Official Form 6F) (12/07)  - Cont.

In re _MAYWOOD DONUT CO., INC._____ ,          Case No. _____
                          **Debtor(s)**                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H—Husband W—Wife J—Joint C—Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br> Creditor # : 29 <br> NU-WAYE WATER CONDITIONING, INC. <br> 1244 W. 9TH STREET <br> UPLAND CA 91786 | | | 04/23/2013 | | | | $ 1,575.00 |
| Account No: <br> Creditor # : 30 <br> OSUNA & DOTSON LAW FIRM <br> 2067 W. WHITTIER BLVD. <br> LA HABRA CA 90633 | | | | | | | $ 0.00 |
| Account No:   0747 <br> Creditor # : 31 <br> RANDALL & RICHARDS <br> 5151 EAST BROADWAY BLVD., #800 <br> TUCSON AZ 85711 | | | 05/29/2013 | | | | $ 804.49 |
| Account No: <br> Creditor # : 32 <br> SO CAL GAS <br> 555 W. 5TH STREET <br> LOS ANGELES CA 90013 | | | | | | | $ 2,225.50 |
| Account No: <br> Creditor # : 33 <br> SOUTH  COAST AIR QUALITY <br> MANAGEMENT DISTRICT <br> 21865 COPLEY DRIVE <br> DIAMOND BAR CA 91765-4178 | | | 9/18/2013 | | | | $ 135.55 |

Sheet No. _6_ of _8_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    $ 4,740.54

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B7 - (Official Form 7) (04/13) Case 2:13-bk-38793-TD    Doc 1    Filed 12/05/13    Entered 12/05/13 15:15:13    Desc
Main Document    Page 33 of 52

**3. Payments to creditors**

None   Complete a. or b., as appropriate, and c.

☐

     a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

*BANK STATEMENTS FOR 90 DAYS ATTACHED*

None   b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the

☒   commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None   c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or

☒   were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None   a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

☐   (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *MARY NICHOLAS TORRES, SOPHIA NICHOLAS, & GEORGINA NICHOLAS LABOURDETTE V. WILLAIM NICHOLAS ET AL BC526011* | *BREACH OF FIDUCIARY DUTY* | *SUPERIOR COURT OF THE STATE OF CALIFORNIA* | *PENDING* |

None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the

☒   commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Statement of Affairs - Page 2

B7 - (Official Form 7) (4/13)   Case 2:13-bk-38793-TD    Doc 1    Filed 12/05/13    Entered 12/05/13 15:15:13    Desc
Main Document    Page 38 of 52

| None | |
|---|---|
| ☒ | c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain. |

| None | |
|---|---|
| ☒ | d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case. |

### 20. Inventories

| None | |
|---|---|
| ☐ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| 12/31/2012 | ROXANNE NICHOLAS [ATTACHED COPY] | Value:$49,647.18 |

| None | |
|---|---|
| ☒ | b. List the name and address of the person having possession of the records of each of the inventories reported in a., above. |

### 21. Current Partners, Officers, Directors and Shareholders

| None | |
|---|---|
| ☒ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |

| None | |
|---|---|
| ☐ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| WILLIAM NICHOLAS 8417 COLIMA RD. WHITTIER, CA 90605 | PRESIDENT | 46% |
| PAM HALL 14052 DITTMAR WHITTIER, CA 90605 | VICE-PRESIDENT | 36% |
| MARY TORRES 10535 COLE WHITTIER, CA 90604 | OFFICER | 6% |

Statement of Affairs - Page 7

B7 - (Official Form 7) (04/13)

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| SOPHIA NICOHLAS<br>8550 LOWMAN AVE.<br>DOWNEY, CA 90241 | OFFICER | 6% |
| GEORGIA LABORDETE<br>2445 S. STAGECOACH LN.<br>FALLBROOK, CA 92028 | | 6% |

**22. Former partners, officers, directors and shareholders**

None ☒   a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None ☒   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

**23. Withdrawals from a partnership or distribution by a corporation**

None ☒   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

**24. Tax Consolidation Group.**

None ☒   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

**25. Pension Funds.**

None ☒   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

# Exhibit "2"

G&A

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
www.los-angeles-business-law.com

Gonzalez & Associates
A Professional Law Corporation

December 9, 2013

Rosendo Gonzalez
rossgonzalez@gonzalezplc.com
(bankruptcy, commercial law and
business litigation)
· also admitted in Texas

Lazaro Fernandez
· Of Counsel
(bankruptcy and business law)
· also admitted in Florida

Joaquin Talleda
· Of Counsel
(corporate and immigration law;
bond work)

Mireya Gonzalez
· Trustee Administrator
migonzalez@gonzalezplc.com

**Via Facsimile (866-598-2929)**
**And First Class Mail**

Claudia C. Osuna, Esq.
Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, CA 90633

Re:  Mary Nicholas Torres, et al. v.
     William Nicholas, et al.
     LASC Case No. BC526011

Dear Ms. Osuna:

Please note that my firm has been retained to
represent William Nicholas ("W. Nicholas"), Pamela
Nicholas Hall and Roxana Nicholas in the above
referenced lawsuit.  As such, all future communications
with respect to this matter must be directed to my
attention.

First, please note that Maywood Donut Co., Inc.
filed for bankruptcy protection under Chapter 7 of the
Bankruptcy Case on December 5, 2013.  I am enclosing
the electronic confirmation of the bankruptcy filing.

The initial meeting of creditors is scheduled for
January 6, 2014, at 10:00 a.m.

In view of the bankruptcy filing, the above
referenced state court action may not proceed without
an order from the bankruptcy court and/or dismissal of
Maywood Donut Co., Inc. as a defendant in that lawsuit.
See, Section 362 of the Bankruptcy Code.

Claudia C. Osuna, Esq.
December 9, 2013
Page 2

Second, and as your clients know, W. Nicholas, as a co-trustee for the Beulah Nicholas Living Trust (the "Trust"), previously listed for sale the real property commonly described as 8550 Lowman Avenue, Downey, California 90240 (the "Property").

Using the services of Joseph Wong of Heger Industrial, the Property was initially listed for $895,000. However, the best and highest offer received was for the amount of $725,000. The counter-offer for $730,000 was recently accepted. I am enclosing copies of the purchase offer and counter-offer.

As you clients also know, there was a prior purchase offer made in the amount of $775,000. However, that purchase offer included $80,000 in credits. It was not accepted. I am also enclosing a copy of that purchase offer.

Obviously, and in order to proceed with the sale, all beneficiaries of the Trust are required to sign the purchase offer and escrow documents.

In that respect, my clients are agreeable to proceed with the sale and to have the escrow company or my firm's client trust account maintain the Property's net sale proceeds until the adjudication of the above referenced lawsuit.

There are time constraints in that there are outstanding property taxes. In addition, there is presently no insurance for the Property.

As such and in view of these constraints, please indicate within five (5) business days from this letter whether your clients are agreeable to the proposed arrangement in order to proceed with the sale.

Third, and as you may know, your clients previously commenced a very similar type of lawsuit against my clients on April 26, 2005, with the Los Angeles County Superior Court (LASC Case No. BC332495). However, that lawsuit was eventually dismissed on July 11, 2006.

Claudia C. Osuna, Esq.
December 9, 2013
Page 3

Hence, and in view of the prior unsuccessful litigation, bankruptcy filing and proposed sale, it may be productive to schedule a meeting whether with or without clients to determine how to best resolve the pending lawsuit.

Again, please let me know within five (5) days of this letter whether you or your clients are interested in such an option.

I will wait your response to this letter before filing a responsive pleading to the complaint. Obviously, if you do not timely respond, I will assume that you and your clients are not interested and will proceed accordingly.

If you have any questions or comments with respect to this matter, please do not hesitate to call me.

Very truly yours,

Rosendo Gonzalez

RG/rg/3423
Enclosures
cc.  Clients (via email & w/enclosures)

1 | ROSENDO GONZALEZ (State Bar No. 137352)
GONZALEZ & ASSOCIATES
2 | A PROFESSIONAL LAW CORPORATION
530 S. Hewitt St., Ste. 148
3 | Los Angeles, CA 90013
Telephone (213)452-0070
4 | Facsimile (213)452-0080
E-mail: rossgonzalez@gonzaldzplc.com
5 |
Counsel for William Nicholas, Pamela Nicholas
6 | Hall and Roxanne Nicholas, Defendants

ORIGINAL FILED

JAN 0 7 2014

LOS ANGELES
SUPERIOR COURT

7 |

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                     FOR THE COUNTY OF LOS ANGELES

10 |                      [STANLEY MOST COURTHOUSE]

11 |

12 | MARY NICHOLAS TORRES, an         )   Case No. BC 526011
individual, SOPHIA NICHOLAS,       )
13 | an individual, and GEORGINA       )   *[Assigned to Honorable Deirdre*
NICHOLAAS [sic] LABOURDETTE,       )   *H. Hill]*
14 | an individual,                    )
                                   )
15 |         Plaintiffs,              )   ORDER GRANTING *EX PARTE* MOTION
                                   )   OF DEFENDANTS WILLIAM NICHOLAS,
16 | v.                                )   PAMELA NICHOLAS HALL AND
                                   )   ROXANNE NICHOLAS SEEKING AN
17 | WILLIAM NICHOLAS, an              )   ORDER: (i) EXPUNGING *LIS*
individual; WILLIAM NICHOLAS,      )   *PENDENS* FROM REAL ESTATE
18 | Trustee of the Beulah            )   PROPERTY [6170-6174 MAYWOOD
Nicholas Living Trust; PAMELA)     AVENUE, HUNTINGTON PARK,
19 | NICHOLAS HALL, Trustee of the)    CALIFORNIA 90255], and (ii)
Beulah Nicholas Living Trust;)     AWARDING ATTORNEY'S FEES AND
20 | MAYWOOD DONUT CO., INC., a        )   COSTS IN THE AMOUNT OF $3,285,
California corporation;            )   AND EXPUNGING *LIS PENDENS*
21 | ROXANA [sic] NICHOLAS, an         )
individual and Does 1 through)     COMPLAINT FILED: 10-29-13
22 | 100,                             )   **F.S.C.: Not Set**
                                   )   **TRIAL: Not Set**
23 |         Defendants.              )
                                   )   DATE:  January 7, 2014
24 |                                   )   TIME:  8:30 a.m.
_____)   PLACE: Dept. "49"
25 |

26 | ///

27 | ///

28 | ///

P:\home\3423\3423.011.order ex parte motion expunge.wpd
1/6/14 RG

COPY

1    The *ex parte* motion of William Nicholas, Pamela Nicholas

2  Hall and Roxanne Nicholas, defendants in this action

3  (collectively, the "Nicholas Defendants"), seeking an order: (i)

4  expunging *lis pendens* recorded with the Los Angeles County

5  Recorder's Office with respect to the real property commonly

6  described as 6170-6174 Maywood Avenue, Hungtington Park,

7  California 90255 (the "Property"), pursuant to Sections 405.30

8  and 405.31 of the California Code of Civil Procedure, and (ii)

9  awarding $3,285 in attorney's fees and costs pursuant to against

10  Mary Nicholas Torres, Sophia Nicholas and Georgina Nicholas

11  Labourdette, the plaintiffs in this action (collectively, the

12  "Plaintiffs"), jointly and severally liable, pursuant to Section

13  405.38 of the California Code of Civil Procedure, to be paid

14  within thirty (30) days of the hearing on the motion(the

15  "Nicholas Defendants' *Ex Parte* Motion"), came before the

16  Honorable Deirdre H. Hill, Los Angeles County Superior Court

17  Judge presiding.  Appearances were made on the record.  Based on

18  the evidence submitted and good cause appearing therefor, it is

19  hereby

20    ORDERED:

21    1.  The Nicholas Defendants' *Ex Parte* Motion is granted.

22    2.  The *lis pendens* recorded on November 4, 2013, with the

23  Los Angeles County Recorder's Office as Instrument No.

24  20131568496, with respect to the real property legally described

25  as:

26  ///

27  ///

28  ///

P:\home\3423\3423.011.order ex parte motion expunge.wpd
1/6/14 RG                                              -2-

1       PARCEL ONE: THE NORTH 40 FEET OF LOT 777 OF

2       TRACT NO. 3126, AS PER MAP RECORDED IN BOOK

3       33, PAGE 51, OF MAPS, IN THE OFFICE OF THE

4       COUNTY RECORDER OF SAID COUNTY AND PARCEL

5       TWO: THE SOUTHERLY 20 FEET OF LOT 777, AND

6       ALL OF LOT 778, OF TRACT 3126, AS PER MAP

7       RECORDED IN BOOK 33, PAGE 51, OF MAPS, IN THE

8       OFFICE OF THE COUNTY RECORDER.

9  and commonly described as 6170-6174 Maywood Avenue, Hungtington

10 Park, California 90255 (the "Property"), is hereby expunged.

11 Dated: ____ JAN 0 7 2014.

12              _____
                     DEIRDRE H. HILL
         LOS ANGELES COUNTY SUPERIOR COURT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "3"

1   ROSENDO GONZALEZ (State Bar No. 137352)
    GONZALEZ & ASSOCIATES
2   A PROFESSIONAL LAW CORPORATION
    530 S. Hewitt St., Ste. 148
3   Los Angeles, CA 90013
    Telephone (213)452-0070
4   Facsimile (213)452-0080
    E-mail: rossgonzalez@gonzaldzplc.com
5
    Counsel for William Nicholas, Pamela Nicholas
6   Hall and Roxanne Nicholas, Defendants

7

ORIGINAL FILED

JAN 0 7 2014

LOS ANGELES
SUPERIOR COURT

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10                    [STANLEY MOST COURTHOUSE]

11

12   MARY NICHOLAS TORRES, an          )   Case No. BC 526011
     individual, SOPHIA NICHOLAS,      )
     an individual, and GEORGINA       )   [Assigned to Honorable Deirdre
13   NICHOLAAS [sic] LABOURDETTE,      )   H. Hill]
     an individual,                    )
14                                     )
                                       )
15          Plaintiffs,                )   ORDER GRANTING EX PARTE MOTION
                                       )   OF DEFENDANTS WILLIAM NICHOLAS,
16   v.                                )   PAMELA NICHOLAS HALL AND
                                       )   ROXANNE NICHOLAS SEEKING AN
17   WILLIAM NICHOLAS, an              )   ORDER: (i) EXPUNGING LIS
     individual; WILLIAM NICHOLAS,)    )   PENDENS FROM REAL ESTATE
     Trustee of the Beulah             )   PROPERTY [6170-6174 MAYWOOD
18   Nicholas Living Trust; PAMELA)    )   AVENUE, HUNTINGTON PARK,
     NICHOLAS HALL, Trustee of the)    )   CALIFORNIA 90255], and (ii)
19   Beulah Nicholas Living Trust;)    )   AWARDING ATTORNEY'S FEES AND
     MAYWOOD DONUT CO., INC., a        )   COSTS IN THE AMOUNT OF $3,285,
20   California corporation;           )   AND EXPUNGING LIS PENDENS
     ROXANA [sic] NICHOLAS, an         )
21   individual and Does 1 through)    )   COMPLAINT FILED: 10-29-13
     100,                              )   F.S.C.: Not Set
22                                     )   TRIAL: Not Set
            Defendants.                )
23                                     )   DATE:  January 7, 2014
                                       )   TIME:  8:30 a.m.
24                                     )   PLACE: Dept. "49"
                                       )
25   _____)

26   ///

27   ///

28   ///

P:\home\3423\3423.011.order ex parte motion expunge.wpd
1/6/14 RG

COPY

1   The *ex parte* motion of William Nicholas, Pamela Nicholas

2   Hall and Roxanne Nicholas, defendants in this action

3   (collectively, the "Nicholas Defendants"), seeking an order: (i)

4   expunging *lis pendens* recorded with the Los Angeles County

5   Recorder's Office with respect to the real property commonly

6   described as 6170-6174 Maywood Avenue, Hungtington Park,

7   California 90255 (the "Property"), pursuant to Sections 405.30

8   and 405.31 of the California Code of Civil Procedure, and (ii)

9   awarding $3,285 in attorney's fees and costs pursuant to against

10  Mary Nicholas Torres, Sophia Nicholas and Georgina Nicholas

11  Labourdette, the plaintiffs in this action (collectively, the

12  "Plaintiffs"), jointly and severally liable, pursuant to Section

13  405.38 of the California Code of Civil Procedure, to be paid

14  within thirty (30) days of the hearing on the motion(the

15  "Nicholas Defendants' *Ex Parte* Motion"), came before the

16  Honorable Deirdre H. Hill, Los Angeles County Superior Court

17  Judge presiding.  Appearances were made on the record.  Based on

18  the evidence submitted and good cause appearing therefor, it is

19  hereby

20      ORDERED:

21      1.   The Nicholas Defendants' *Ex Parte* Motion is granted.

22      2.   The *lis pendens* recorded on November 4, 2013, with the

23  Los Angeles County Recorder's Office as Instrument No.

24  20131568496, with respect to the real property legally described

25  as:

26  ///

27  ///

28  ///

P:\home\3423\3423.011.order ex parte motion expunge.wpd
1/6/14 RG                          -2-

1    PARCEL ONE: THE NORTH 40 FEET OF LOT 777 OF

2    TRACT NO. 3126, AS PER MAP RECORDED IN BOOK

3    33, PAGE 51, OF MAPS, IN THE OFFICE OF THE

4    COUNTY RECORDER OF SAID COUNTY AND PARCEL

5    TWO: THE SOUTHERLY 20 FEET OF LOT 777, AND

6    ALL OF LOT 778, OF TRACT 3126, AS PER MAP

7    RECORDED IN BOOK 33, PAGE 51, OF MAPS, IN THE

8    OFFICE OF THE COUNTY RECORDER.

9   and commonly described as 6170-6174 Maywood Avenue, Hungtington

10  Park, California 90255 (the "Property"), is hereby expunged.

11  Dated: ___ JAN 0 7 2014 ___          _____

12                                       DEIRDRE H. HILL
                                         LOS ANGELES COUNTY SUPERIOR COURT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "4"

# G&A

## Gonzalez & Associates
A Professional Law Corporation

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
www.los-angeles-business-law.com

January 9, 2014

Rosendo Gonzalez
rossgonzalez@gonzalezplc.com
(bankruptcy, commercial law and
business litigation)
· also admitted in Texas

Lazaro Fernandez
· Of Counsel
(bankruptcy and business law)
· also admitted in Florida

Joaquin Talleda
· Of Counsel
(corporate and immigration law;
bond work)

Mireya Gonzalez
· Trustee Administrator
migonzalez@gonzalezplc.com

<u>Via Facsimile (866-598-2429)</u>
<u>And First Class Mail</u>

Claudia C. Osuna, Esq.
Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, CA 90633

Re:  Mary Nicholas Torres, et al. v.
William Nicholas, et al.
<u>LASC Case No. BC526011</u>

Dear Ms. Osuna:

I was just served with copies of the "order
modifying January 2, 2014 court order" [continuing the
issue as to the sanctions to February 7, 2014, at 10:00
a.m. for you to submit an opposition within 5 days] and
the "order to show cause re: preliminary injunction"
[preventing the sale to go forward and setting a
hearing on February 5, 2014, at 10:00 a.m.].

First, I am simply shocked that you actually
proceeded with the *ex parte* requests knowing that I was
not able to participate, since I was scheduled to
conduct meetings of creditors on today's date.  That
lack of professional courtesy always comes back to the
offender.

Second, I have not received a copy of either
motion that you apparently submitted on today's date;
is there a reason that your office did not include with
the service of the two orders?  Regardless, please
promptly provide to me.

Incidentally, did you give notice to the Maywood
Donut Co., Inc. bankruptcy trustee of your clients' *ex
parte* motions?  If not, why not in view of the
requirements of the Bankruptcy Court and California
Code of Civil Procedure?

Claudia C. Osuna, Esq.
January 9, 2014
Page 2


Please remember that I specifically gave you notice of the bankruptcy filing; for whatever reason, your clients (as the plaintiffs) have proceeded with the litigation in direct violation of Sections 105 and 362 of the Bankruptcy Code.

Third, the injunction temporarily stopping the sale is not clear; is there a scheduling for filing an opposition or reply prior to the February 7, 2014 hearing?  If so, please immediately provide.

If you have any questions or comments with respect to this matter, please do not hesitate to call me.

Very truly yours,

Rosendo Gonzalez

RG/rg/3423
cc.  Clients (via email)

# Exhibit "5"



## Osuna & Dotson Law Firm

### ATTORNEYS AT LAW

January 11, 2014

Gonzalez & Associates, A Professional Law Corporation
Attn: Rosendo Gonzalez
Tel: (213) 452-0070
Fax: (213) 452-0080

RE: Mary Nicholas Torres, Et Al v. William Nicholas, et al.
LASC Case No: BC526011

Dear Mr. Rosendo,

In the TRO you received, there is a briefing schedule on page 2 of the order. I regret not having an additional copy of the ex parte application when I served your office with the two orders on Thursday. I provided copies of the moving documents to the attorney who appeared on your firm's behalf; I have attached additional copies.

The judge ordered us to meet and confer prior to the next hearing date to submit a stipulation regarding the ownership of the Maywood property. We are asking to meet in the downtown area or by telephone before the next meeting of the creditors, scheduled for January 30, 2014.   January 16 in the afternoon? January 15 @ 2:30, 3, or 4pm?

Maywood Donut, Inc.:  We have yet to take any action against this corporation in this lawsuit.  We have only proceeded against the individual defendants and the trustees of the Maywood property.  Please be advised, our clients have reason to believe your client testified falsely in the meeting of the creditors last week.  We have reason to believe that Maywood Donut, Inc. authorized the operation of a business on the Maywood Donut property through December 2013.  My clients are requesting Maywood Donut, Inc. allow my clients access to the books and accounting for this corporation by January 24, 2014.

If you have any questions or concerns do not hesitate to contact us at (888) 657-5648.

Warmly,

Juan Dotson,
Attorney for Mary Torres Et Al
Encl.  TRO and modify attorney fees orders – Torres v Nicholas.pdf, modify attorney fees
LP 01092014 Torres v Nicholas.pdf, TRO granted 01092014 Torres v Nicholas.pdf

2067 W. Whittier Blvd. • La Habra, CA 90631        13333 Paramount Blvd. • South Gate, CA 90280
Tel: (888) 657-5648 • (562) 553-0574              Tel: (562) 991-5600 • (877) 735-4933
        Fax (866) 598-2429                                    Fax (877) 896-3613

# Exhibit "6"

# Gonzalez & Associates

A Professional Law Corporation

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
e-mail: rossgonzalez@earthlink.net
www.los-angeles-business-law.com

January 13, 2014

Rosendo Gonzalez
(bankruptcy and
commercial law;
business litigation)
- also admitted in Texas

Lazaro Fernandez
— Of Counsel
(bankruptcy and business law)
- also admitted in Florida

Joaquin Talleda
— Of Counsel
(corporate and immigration law;
bond work)

Mireya Gonzalez
— Trustee Administrator

**Via Facsimile (866-598-2429)**
**And First Class Mail**

Claudia C. Osuna, Esq.
Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, CA 90633

Re:  Mary Nicholas Torres, et al. v.
William Nicholas, et al.
LASC Case No. BC526011

Dear Ms. Osuna:

This will serve as a response to your January 11, 2014 letter.

First, can we communicate via emails instead of facsimile?  If so, can you provide your email address, since it is not listed?

As to the proposed meeting, on January 15th, I am available between 12:00 and 4:00 p.m. and on January 16th, I am available all day until 4:30 p.m.  If you want the meeting in person, we can do it at my office or anywhere that you prefer; if the meeting is to be in person, I recommend that we limit the meeting to one client from each side to avoid arguments.  Let me know so that I can promptly coordinate and schedule.

I will note that it is my belief that there is no dispute as to the underlying facts; that is, the Living Trust is the owner to the property and that my clients have an 82% ownership interest in the Living Trust (as beneficiaries) and that your clients have the remaining 18% ownership interest in the Living Trust.  Please promptly confirm whether you disagree with that conclusion prior to the meeting and provide whatever factual basis you have to support your contention.

Claudia C. Osuna, Esq.
January 13, 2014
Page 2


As to Maywood Donut, Inc., please note that under applicable law, a plaintiff cannot proceed with the state court action (whether conducting discovery, litigation, etc.) against parties other than the debtor without obtaining relief from stay or dismissing the debtor. The reason is that such conduct can prejudice the debtor's or the trustee's rights. There are a number of cited cases. Again, I suggest that you immediately research applicable law and seek relief from the automatic stay or dismiss the debtor from the above referenced case.

If you have any questions or comments with respect to this matter, please do not hesitate to call me.

Very truly yours,

Rosendo Gonzalez

RG/rg/3423
cc. Clients (via email & w/enclosures)

# Exhibit "7"

# G&A

**Gonzalez & Associates**
A Professional Law Corporation

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
www.los-angeles-business-law.com

January 14, 2014

Rosendo Gonzalez
rossgonzalez@gonzalezplc.com
(bankruptcy, commercial law and
business litigation)
· also admitted in Texas

Lazaro Fernandez
· Of Counsel
(bankruptcy and business law)
· also admitted in Florida

Joaquin Talleda
· Of Counsel
(corporate and immigration law;
bond work)

Mireya Gonzalez
· Trustee Administrator
migonzalez@gonzalezplc.com

<u>Via Facsimile (866-598-2429)</u>
<u>And First Class Mail</u>

Claudia C. Osuna, Esq.
Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, CA 90633

Re:  Maywood Donut Co., Inc.
<u>USBC Case No. 2:13-bk-38793-TD</u>
Mary Nicholas Torres, et al. v.
William Nicholas, et al.
<u>LASC Case No. BC526011</u>

Dear Ms. Osuna:

I have just learned, in part from various
telephonic messages, that Mary Nicholas Torres is
apparently calling prior customers and vendors of
Maywood Donut Co., Inc., the debtor in the above
referenced bankruptcy case and a defendant in the above
referenced state court action (the "Debtor"), asking
for information **"on behalf of"** the Debtor and/or
**"Roxanne Nicholas."**

As to the Debtor, please immediately inform your
clients that David M. Goodrich, as the duly appointed
Chapter 7 trustee in the above referenced case (the
"Trustee"), is the only individual that can act or take
an action on behalf of the Debtor. *See*, Section 704 of
the Bankruptcy Code.

Incidentally, and as I previously and repeatedly
warned you, your clients are not permitted to continue
to proceed and prosecute the above referenced state
court action (as you are continuing to do) without
dismissing the Debtor or obtaining relief from the
automatic stay. *See*, Sections 105 and 362 of the
Bankruptcy Code.

Claudia C. Osuna, Esq.
January 14, 2014
Page 2

As a result, I am copying the Trustee with this letter.

Next, and as to my clients, please immediately inform your clients that they may not falsely contact prior customers and vendors of the Debtor purportedly on behalf of one of my clients. That is, and in one of the telephonic messages (which I have personally heard), a male voice identifies the caller as "**Roxanne Nicholas**" and then a female voice identifying herself as "Mary Nicholas Torres" indicates that she needs "to get information as to Maywood Donut Company," and leaves a call back number of 562-665-7019.

Such conduct is highly improper and will not be tolerated. Hence, please promptly confirm that your clients will immediately cease such conduct. If not, I will have no other alternative but to promptly file an *ex parte* motion seeking to stop such conduct. I sincerely hope that such measure will not be necessary.

If you have any questions or comments with respect to this matter, please do not hesitate to call me.

Very truly yours,

Rosendo Gonzalez

RG/rg/3423 & 3398
cc.  David M. Goodrich, Chapter 7 Trustee (via email)
     Clients (via email)

# Exhibit "8"

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Juan F. Dotson, Esq. SBN: 232438<br>OSUNA & DOTSON LAW FIRM<br>2067 W. Whittier Blvd. La Habra, CA 90631<br>TELEPHONE NO.: 888-657-5648   FAX NO. *(Optional):* 866-598-2429<br>E-MAIL ADDRESS *(Optional):* juan@osunadotsonlaw.com<br>ATTORNEY FOR *(Name):* Mary Torres, et. al. | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**FEB 0 6 2014**<br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Shaunya Bolden |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Mary Torres, Sophia Nicholas, et. al.

DEFENDANT/RESPONDENT: William Nicholas, et. al.

| | CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|---|
| **(Check one):** ✔ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | BC 526011 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 02/10/2014   Time: 8:30 am   Dept.: 49   Div.:   Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ✔ This statement is submitted by party *(name):* Plaintiffs, Mary Torres, et. al.
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 10/29/2013
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ✔ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ✔ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
      breach of fiduciary duty, conversion, fraud, alter ego liability, unjust enrichment, money had and received, conspiracy, appointment of receiver

Page 1 of 5

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Mary Torres, Sophia Nicholas, et. al. | BC 526011 |
| DEFENDANT/RESPONDENT: William Nicholas, et. al. | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs (beneficiaries of trust & corporation) managed by the defendants allege that defendants breached their fiduciary duties as trustees by conspiring to defraud plaintiffs of money, failing to pay/collect rents owed to trust, purposely destroying the business on the trust property by using business assets for personal use, attempt to sell trust's real estate below market value. Seeking: appointment of receiver, preliminary injunction, remove trustees

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 2-3
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
☐ Additional representation is described in Attachment 8.
f. Fax number:
g. Party represented:

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☑ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
equitable prayer for relief: appointment of receiver

CM-110

| PLAINTIFF/PETITIONER: Mary Torres, Sophia Nicholas, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: William Nicholas, et. al. | BC 526011 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☑ | ☑ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 3 of 5

**CM-110**

| PLAINTIFF/PETITIONER: Mary Torres, Sophia Nicholas, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: William Nicholas, et. al. | BC 526011 |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement (name):
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☑ Bankruptcy  ☐ Other (specify):
  Status: defendant Maywood Donut Co. has filed for chapter 7 bankruptcy

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by (name party):

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Defendants | Form Interrogatories General | February 2013 |
| Defendants | Demand for Production of Documents | February 2013 |
| Defendants | Request for Admissions | February 2013 |
| Plaintiffs | Form Interrogatories General | March 2013 |
| Plaintiffs | Demand for Production of Documents | March 2013 |

  c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):
       discovery of information within the possession of defendant Maywood Donut Co. may be delayed due the bankruptcy stay

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 4 of 5

CM-110

| PLAINTIFF/PETITIONER: Mary Torres, Sophia Nicholas, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: William Nicholas, et. al. | BC 526011 |

17. **Economic litigation**

　　a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

　　b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

　　☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

　　a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

　　b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*
　　　　1) Plaintiffs to answer Defendants' voluminous discovery requests without seeking protective order, with an extension; Defendants to answer Plaintiffs' voluminous discovery requests without seeking protective order, with an extension of an equal amount of time. 2) Joint statement of undisputed facts completed 3) Plaintiff agreed not to proceed or litigate against Maywood Donut Co. until the stay is lifted

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 5, 2014

Juan F. Dotson, Esq.
_____
　　　　　　(TYPE OR PRINT NAME)

_____
　　　　　　(TYPE OR PRINT NAME)

▶ _____
　　　　　　(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
　　　　　　(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# Exhibit "9"

1  ROSENDO GONZALEZ (State Bar No. 137352)
   GONZALEZ & ASSOCIATES
2  A PROFESSIONAL LAW CORPORATION                    **CONFORMED COPY**
   530 S. Hewitt St., Ste. 148                       ORIGINAL FILED
3  Los Angeles, CA 90013                             Superior Court of California
   Telephone (213)452-0070                           County of Los Angeles
4  Facsimile (213)452-0080
   E-mail: rossgonzalez@gonzaldzplc.com              MAR 12 2014

5                                                    Sherri R. Carter, Executive Officer/Clerk
   Counsel for William Nicholas, Pamela Nicholas     By G. Washington, Deputy
6  Hall and Roxanne Nicholas, Defendants

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10                   [STANLEY MOST COURTHOUSE]

11

12  MARY NICHOLAS TORRES, an        )   Case No. BC 526011
    individual, SOPHIA NICHOLAS,    )
13  an individual, and GEORGINA     )   [Assigned to Honorable Deirdre
    NICHOLAAS [sic] LABOURDETTE,    )   H. Hill]
14  an individual,                  )
                                    )   _Granting and Denying in part_
15            Plaintiffs,           )   ORDER ~~GRANTING~~ EX PARTE OF
                                    )   DEFENDANTS WILLIAM NICHOLAS,
16       v.                         )   PAMELA NICHOLAS HALL AND
                                    )   ROXANNE NICHOLAS SEEKING AN
17  WILLIAM NICHOLAS, an            )   ORDER: (i) FINDING PLAINTIFFS
    individual; WILLIAM NICHOLAS,   )   MARY NICHOLAS TORRES, SOPHIA
18  Trustee of the Beulah          )   NICHOLAS AND GEORGINA NICHOLAS
    Nicholas Living Trust; PAMELA   )   LABOURDETTE AND THEIR COUNSEL,
19  NICHOLAS HALL, Trustee of the)  )   JUAN DOTSON, IN CIVIL CONTEMPT,
    Beulah Nicholas Living Trust;)  )   (ii) OR IN THE ALTERNATIVE,
20  MAYWOOD DONUT CO., INC., a      )   COMPELLING PLAINTIFFS TO ADHERE
    California corporation;         )   TO THIS COURT'S FEBRUARY 11,
21  ROXANA [sic] NICHOLAS, an       )   2014 RULING, and (iii) IMPOSING
    individual and Does 1 through)  )   MONETARY SANCTIONS IN THE
22  100,                         d  )   AMOUNT OF $4,085 AGAINST THE
                                    )   PLAINTIFFS AND JUAN DOTSON,
23            Defendants.           )   JOINTLY AND SEVERALLY LIABLE;
                                    )   AFFIDAVIT OF ROSENDO GONZALEZ
24                                  )   IN SUPPORT THEREOF
                                    )
25                                  )   COMPLAINT FILED: 10-29-13
                                    )   F.S.C.: Not Set
26                                  )   TRIAL: Not Set
                                    )
27                                  )   DATE:  March 12, 2014
                                    )   TIME:  8:30 a.m.
28  _____  )   PLACE: Dept. "49"

P:\home\3423\3423.026.order ex parte motion contempt.wpd
3/11/14 RG
                                                    ORIGINAL

1    The *ex parte* motion of William Nicholas, Pamela Nicholas

2    Hall and Roxanne Nicholas, defendants in this action

3    (collectively, the "Nicholas Defendants"), seeking an order:

4        (i) finding Mary Nicholas Torres, Sophia Nicholas and

5    Georgina Nicholas Labourdette, the plaintiffs in this action

6    (collectively, the "Plaintiffs"), and Juan Dotson of Osuna &

7    Dotson, Plaintiffs' counsel ("Dotson"), in civil contempt for

8    their failure to adhere to this Court's February 11, 2014 ruling

9    [denying the Plaintiffs' motion to enjoin the sale of the real

10   property commonly described as 6170-6174 Maywood Avenue,

11   Hungtington Park, California 90255 (the "Property")](the

12   "February 2014 Ruling"), pursuant to Section 1209(a)(5) of the

13   California Code of Civil Procedure;

14       (ii) or in the alternative, compelling the Plaintiffs to

15   fully and timely adhere with this Court's February 2014 Ruling

16   and cease pretending that the Plaintiffs have legal authority to

17   oppose the sale or demand that the sale proceeds be held in

18   trust, pursuant to Section 1209(a)(4) of the California Code of

19   Civil Procedure; and,

20       (iii) imposing monetary sanctions in the amount of $4,085 in

21   attorneys' fees and costs against the Plaintiffs and Dotson,

22   jointly and severally liable, pursuant to Sections 128.7 and

23   1218(a) of the California Code of Civil Procedure, to be paid

24   within thirty (30) days of the hearing on this motion (the

25   "Nicholas Defendants' *Ex Parte* Motion"), came before the

26   Honorable Deirdre H. Hill, Los Angeles County Superior Court

27   Judge presiding.  Appearances were made on the record.  Based on

28   ///

1  the evidence submitted and good cause appearing therefor, it is

2  hereby

3      ORDERED:

4      1.   The Nicholas Defendants' Ex Parte Motion is granted *in small part and denied otherwise as set forth below*

5      2.   The Plaintiffs and Dotson are ~~hereby~~ *Not* found to be in

6  civil contempt of the ruling made by this Court on February 11,

7  2014. *This request is therefore denied as to a finding of contempt.*

8      3.   The Plaintiffs and Dotson are hereby ordered to

9  immediately cease interfering *with the marketing, escrow* ~~and/or pretending that they have a~~

10 ~~legal basis to enjoin/stop the~~ *and* sale of the Property ~~and/or to~~

11 ~~demand that the net sale proceeds be put in a trust account~~ *to a bona fide third party purchaser as to any sale*

12 *above $725,000 unless Plaintiffs have sought and obtained* 4.   Monetary sanctions ~~in the amount of $4,085 are hereby~~ *a*

13 *request is denied* ~~imposed against the Plaintiffs and Dotson, jointly and severally~~ *further court*

14 ~~liable, to be paid within thirty (30) days of the date of this~~ *order.*

15 ~~hearing.~~

16 Dated:  *3-12-14*                    *Deirdre H. Hill*
                                DEIRDRE H. HILL
17                    LOS ANGELES COUNTY SUPERIOR COURT JUDGE

18

19

20

21

22

23

24

25

26

27

28

By: _____
   ROSENDO GONZALEZ
   Counsel for Timothy J. Yoo,
   Chapter 7 Trustee

Dated: March 14, 2014.

LAW OFFICE OF EVA M. HOLLANDS

By: _____
   EVA M. HOLLANDS
   Counsel for Esther Mina
   Conde, Debtor

P:\home\3404\3404.011.2nd settlement agreement.wpd
3/3/14 rg
-8-

1  Juan F. Dotson, Esq.  (SBN 232438)
Claudia C. Osuna, Esq. (SBN 265252)
2  OSUNA & DOTSON LAW FIRM
2067 W. Whittier Blvd
3  La Habra, CA 90631
Tel: (888) 657-5648
4  Fax: (866) 598-2429

5  For Plaintiff Mary Nicholas Torres;
Sophia Nicholas and Georgina Nicholas Labourdette

6

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 1 2 2014

Sherri R. Carter, Executive Officer/Clerk
By: C. Washington, Deputy

7        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8        LOS ANGELES COUNTY –STANLEY MOSK COURTHOUSE

9  MARY NICHOLAS TORRES, an              )  Case No. BC 526011
individual; SOPHIA NICHOLAS, an        )
10  individual; and GEORGIA NICHOLAS     )  [Assigned to Honorable Deidre H. Hill]
LABOURDETTE, an individual             )
11                                       )
12         Plaintiffs,                   )  [PROPOSED] ORDER TO BLOCK
                                         )  DISTRIBUTION OF SALE PROCEEDS
13  v.                                   )  *to be held in interest*
                                         )  *bearing account pending further*  *court*
14  WILLIAM NICHOLAS, an individual;     )  Hearing Date: Thursday, January 9, 2014  *order*
15  WILLIAM NICHOLAS, Trustee of the     )  Time: 8:30 AM
Beulah Nicholas Living Trust; PAMELA   )  Dept: 49
16  NICHOLAS HALL, an individual;        )
17  PAMELA NICHOLAS HALL, Trustee of    )  DEMAND FOR JURY TRIAL
the Beulah Nicholas Living Trust;      )
18  MAYWOOD DONUT CO., INC., a           )
California corporation; ROXANA          )
19  NICHOLAS, an individual and          )
20  Does 1 through 100,                  )
                                         )
21                                       )
         Defendants.                     )
22

23  Upon a showing of good cause, the Court hereby orders:

24      1.    A temporary restraining order enjoining the Defendants from disbursing ~~their~~
25  ~~share of~~ Maywood Property sale proceeds;
26  ~~2.    The Defendants William Nicholas and Pamela Nicholas Hall are involuntary~~
27  ~~trustees holding said sale funds therefrom in constructive trust for Plaintiffs with~~
28  ~~the duty to convey the same to Plaintiff upon further order of the court.~~

3.  The escrow company shall determine the disbursement proceeds due to the trust beneficiaries.

4.  From these disbursement funds, the escrow company shall pay 1/5 of the disbursement to Mary Nicholas Torres.

5.  From these disbursement funds, the escrow company shall pay 1/5 of the disbursement to Sophia Nicholas.

6.  From these disbursement funds, the escrow company shall pay 1/5 of the disbursement to Georgia Nicholas Labourdette.

7.  The escrow company shall deposit the ~~balance of the disbursement~~ *proceeds of the sale* into an interest bearing account ~~or~~ *for dates future disbursement pursuant only to cart order.*

8.  Defendants shall not be able to access or otherwise withdraw these funds without further order of the court.

*Hearing on preliminary injunction 4-30-13 at 8:30 Am in Dept 49. Moving party to give notice*

IT IS FURTHER ORDERED as follows:

*This is a temporary order which contemplates a further order of disbursement upon a full hearing before this court and/*

IT IS SO ORDERED. *or a determination of pending motion for leave to amend complaint.*

Dated: ___3-12-14___    By: _____
*Venetia H. Kelly*
JUDGE OF THE SUPERIOR COURT

*Plaintiff's motion for leave to file 1st amended complaint is scheduled for hearing 4-30-13 at 8:30 Am in Dept 49 and must be filed and served on statutory notice. Plaintiff may follow the normal process of filing proposed Doe amendments with the court clerk.*

# Exhibit "10"

# G&A

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
www.los-angeles-business-law.com

Gonzalez & Associates
A Professional Law Corporation

March 28, 2014

Rosendo Gonzalez
rossgonzalez@gonzalezplc.com
(bankruptcy, commercial law and
business litigation)
· also admitted in Texas


Lazaro Fernandez
· Of Counsel
(bankruptcy and business law)
· also admitted in Florida


Joaquin Talleda
· Of Counsel
(corporate and immigration law;
bond work)


Mireya Gonzalez
· Trustee Administrator
migonzalez@gonzalezplc.com

Via email (juandotson@gmail.com)
And First Class Mail

Juan Dotson, Esq.
Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, CA 90633

    Re:  Mary Nicholas Torres, et al. v.
         William Nicholas, et al.
         LASC Case No. BC526011

Dear Mr. Dotson:

    I received on March 25, 2014, from your office the
following:

i)      Notice to consumer or employee and
        objection **addressed to Maywood Donut**
        [relating to records of Muller King Mathys
        Acker & Lopez] on April 28, 2014;

ii)     Notice to consumer or employee and
        objection addressed to R. Nicholas
        [relating to records of Muller King Mathys
        Acker & Lopez] on April 28, 2014;

iii)    Notice to consumer or employee and
        objection addressed to Maywood Donut
        [relating to records of Muller King Mathys
        Acker & Lopez] on April 28, 2014;

iv)     Notice to consumer or employee and
        objection addressed to P. Nicholas
        [relating to records of Muller King Mathys
        Acker & Lopez] on April 28, 2014,

v)      Notice to consumer or employee and
        objection addressed to Armando Macias
        [relating to records of Muller King Mathys
        Acker & Lopez] on April 28, 2014; and,

Juan Dotson, Esq.
March 28, 2014
Page 2

      vi)      Civil subpoena (*duces tecum*) for personal appearance and production of documents addressed to Muller King Mathys Acker & Lopez to take place on April 28, 2014, at 4:00p.m.

I am confused and simply do not understand your clients' and your office's apparent disregard of applicable law.

First, it is highly improper and in violation of Sections 105 and 362 of the Bankruptcy Code, Rules 2004 and 9011 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2004-1 and 9011-1, for a party to seek to propound discovery requests for documents relating to a bankruptcy debtor [on the debtor's accountant] in state court instead of the bankruptcy court wherein that debtor's bankruptcy case is pending.

That is, it is undisputed that you and your clients know and have notice that Maywood Donut Co., Inc. ("Maywood Donut") filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on December 5, 2013, with the United States Bankruptcy Court for the Central District of California (USBC Case No. 2:13-bk-38793-TD).

Hence, you and your clients cannot proceed outside of the bankruptcy court with litigation, without obtaining relief from the automatic stay, against a bankruptcy debtor and/or discovery, seeking documents of the debtor from the debtor's accountant, without adhering to the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.

Therefore, this letter will serve as a formal demand for your office to immediately serve **by no later than 5:00 p.m. on April 1, 2014**, a notice withdrawing the previously served subpoena and document production. Failure to do will result in my filing an emergency motion to quash or protective order with the United States Bankruptcy Court for the Central District of California. As part of that motion, I will also seek the reimbursement of attorney's fees and costs against your clients and you, jointly and severally liable.

Juan Dotson, Esq.
March 28, 2014
Page 3

Next, and in addition to the violation of the Bankruptcy
Code and Federal Rules of Bankruptcy Procedure, the served
subpoena is improper in that your clients are seeking
confidential and privileged financial documentation from the
accountant to my clients.  That again is highly improper.

One of the reasons why such tactic is improper is that a
litigant's accountant typically prepares that litigant's tax
returns and has possession of the underlying and related
financial documentation.  As you know, discovery as to a
litigant's tax return is routinely not permitted.

> The seminal case involving the discoverability of tax
> returns by private litigants is *Webb v. Standard Oil
> Co.* (1957) 49 Cal.2d 509, 319 P.2d 611.
> *     *     *
> [W]e interpret it [Revenue and Taxation Code section
> 19282] in *Webb, supra*, 49 Cal.2d 509, to establish an
> implied privilege against forced disclosure in civil
> discovery proceedings.  We noted that the purpose of
> the statute `is to facilitate tax enforcement by
> encouraging a taxpayer to make full and truthful
> declarations in his return, without fear that his
> statements will be revealed or used against him for
> other purposes.

*Schnabel* v. *Superior Court* (1993) 5 Cal.4th 704, 719, 21
Cal.Rptr.2d 200.

As such, this letter will also serve as a formal demand for
your office to immediately serve **by no later than 5:00 p.m. on
April 1, 2014**, a notice withdrawing the previously served
subpoena and document production.  Failure to do will result in
my filing an *ex parte* motion to quash or protective order with
the Los Angeles County Superior Court.  As part of that motion, I
will also seek the reimbursement of attorney's fees and costs
against your clients and you, jointly and severally liable.

Juan Dotson, Esq.
March 28, 2014
Page 4

    If you have any questions or comments with respect to this
matter, please do not hesitate to call me.

              Very truly yours,

              Rosendo Gonzalez

RG/rg/3423
cc. Clients (via email)

# Exhibit "11"



# *Osuna & Dotson Law Firm*

### ATTORNEYS AT LAW

April 1, 2014

<u>Via email (rossgonzalez@gonzalezplc.com)</u>
<u>And First Class Mail</u>

Rosendo Gonzalez
Gonzalez & Associates, APLC
530 South Hewitt Street, Suite 148
Los Angeles, CA 90013

      RE:   Mary Nicholas Torres, et al. v.
             William Nicholas, et al.
             <u>LASC Case No.: BC526011</u>

Dear Mr. Gonzalez:

This letter serves as a response to your March 28th, 2014 communication demanding that our actions on <u>MAYWOOD DONUT CO., INC</u> to be withdrawn.

We are withdrawing our *subpoena duces tecum* in regard to the following entities/individuals:  William Nicholas, Pam Nicholas Hall and Maywood Donut Co., Inc. We are not in possession of any objections relating to Black and Brown Enterprises—so the subpoena for that company is still outstanding.

This letter is being forwarded to <u>MULLER, KING, MATHYS, ACKER & LOPEZ</u>.

Should you have any questions, please do not hesitate to give us a phone call.

Sincerely,

Juan Francisco Dotson
Attorney for Plaintiff's

CC to:
MULLER, KING, MATHYS, ACKER & LOPEZ
8112 Florence Avenue
Downey, CA 90240

2067 W. WHITTIER BLVD. • LA HABRA, CA 90631
TEL: (888) 657-5648 • (562) 553-0574
FAX (866) 598-2429

13333 PARAMOUNT BLVD. • SOUTH GATE, CA 90280
TEL: (562) 991-5600 • (877) 735-4933
FAX (877) 896-3613

# Exhibit "12"

49

## Superior Court of California
## County of Los Angeles

| | |
|---|---|
| Mary Nicholas Torres, et al | Case No.  **BC526011** |
| Plaintiffs, | |
| vs. | [Tentative] Ruling  **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**MAY 23 2014**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____Deputy<br>C. Washington |
| William Nicholas, et al | |
| Defendants. | |

Hearing Date: **May 23, 2014**
Department 49, Judge Deirdre Hill

**(1)   Motion for Preliminary Injunction**
**(2)   Motion for Leave to File First Amended Complaint**

<u>Moving Party</u>:  Plaintiffs (both motions)
<u>Responding Party</u>: Defendants (both motions)

<u>Ruling</u>:   (1)   The motion for preliminary injunction is DENIED.
          (2)   The motion for leave to file a First Amended Complaint (FAC) is
                 DENIED for failure to comply with CRC Rule 3.1324(b).

The Court considered the moving papers and opposition papers.  No reply papers were filed.

On 10/29/13, Plaintiffs filed a complaint against Defendants for: (1) Breach of fiduciary duty, (2) Alter ego liability, (3) Money had and received, (4) Conversion, (5) Unjust enrichment, (6) Accounting, (7) Specific performance, (8) Declaratory relief, (9) Conspiracy, (10) Appointment of receiver, and (11) TRO/Preliminary and Permanent injunction arising from a dispute over the business, Defendant, Maywood Donut Co., Inc. ("Maywood Donut"), where Plaintiffs are minority shareholders in the business, and Plaintiffs' siblings, who are William Nicholas and Pamela Nicholas Hall ("Individual Defendants"), are the majority shareholders.  Plaintiffs allege that the shares of the common stock in Maywood Donut and the property where it is operated, along with another piece of property in Downey, CA, are alleged to be trust assets from the trust of Plaintiffs' and Defendants' mother, Beulah Nicholas, where she settled the Beulah Nicholas Living Trust with Plaintiffs and Individual Defendants as beneficiaries and Individual Defendants as trustees.  Plaintiffs allege that Maywood Donut was in operation until July 2013 but Individual Defendants are the only shareholders who received compensation from Maywood Donut.  Plaintiffs allege that Individual Defendants have

allowed the business to avoid paying rent, and are acting purely in their self-interest in taking no action to avoid the back-owed rents. Plaintiffs allege that they expected to receive a $10,000 dividend payment from Maywood Donut, but Individual Defendants kept the dividend and asserted that the money was to be re-invested in the company. Plaintiffs received an IRS tax bill on the dividends paid. When Plaintiffs protested to Individual Defendants, they received a check from Individual Defendants in the amount of the tax liability. Plaintiffs allege that their requests as trust beneficiaries for an accounting and for review of the books of the trust have been repeatedly refused. Plaintiffs believe that Individual Defendants closed Maywood Donut without notice to Plaintiffs. Plaintiffs also believe that Individual Defendants operated an additional business under the name Black and Brown Donuts using the assets of the company and the trust. Plaintiffs believe that Individual Defendants have commingled funds between themselves and Maywood Donuts, diverted funds from Maywood Donuts, failed to pay rents, failed to maintain corporate records, failed to abide by corporate formalities, used Maywood Donuts as a shell and sham corporation, and breached their fiduciary duties to Plaintiffs.

## Motion for Preliminary Injunction

Plaintiffs seek a preliminary injunction enjoining Defendants and their agents from disbursing the proceeds from the sale of the real property located at 6174 Maywood Ave., Huntington Park, CA 90255 ("Maywood property"), which is the property where Maywood Donut was operated, a request that the proceeds shall be deposited and held in an interest bearing account pending further court order, and an order declaring Defendants as involuntary trustees holding the proceeds on deposit in constructive trust for the benefit of Plaintiffs. Plaintiffs further seeks an order that any funds or assets coming into or due to the trust be deposited into the same interest bearing account and that Defendants be further enjoined from distribution or liquidation of any assets without a court order. Plaintiffs argue that without an injunction it will cause great or irreparable injury to Plaintiffs in that the Maywood property, the only major asset left of the Beulah Nicholas Living Trust, will be lost to the detriment of Plaintiffs leaving them without the benefits and protections afforded to them by the trust. Plaintiffs also argue that monetary relief is inadequate.

Defendants argue that the motion fails to satisfy the requirements set forth in CCP §526 in that there is no allegation in the operative complaint to stop the sale of the Maywood property or to prevent the distribution of the net sale proceeds in accordance with the living trust. Defendants argue that Plaintiffs have failed to show irreparable injury or that they cannot be adequately compensated in damages. Defendants argue that they intend to distribute the proceeds in accordance with the living trust equally to the five (5) beneficiaries, and Plaintiffs have failed to introduce admissible evidence to show that they are entitled to all of the proceeds from the sale of the Maywood property.

An injunction may be granted in any of the following situations:
(1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief consists of restraining the commission or continuance of the act complained of,

the motion for preliminary injunction.  Plaintiffs themselves fail to authenticate the documents.  Plaintiffs' evidence is totally inadequate.

Accordingly, the motion for preliminary injunction is DENIED.

## Motion for Leave to File First Amended Complaint (FAC)

Plaintiffs seek leave to file a FAC arguing that it is in furtherance of justice as such a filing is necessitated by recently discovered facts.

Defendants do not submit proper objections, as the objections are made not to "evidence" but to the Memorandum of Points and Authorities, which is simply argument. Thus, the objections are OVERRULED as they improperly objection to argument, not evidence.

A motion to amend a pleading must:
(1)  include a copy of the proposed amended pleading;
(2)  state what allegations are proposed to be deleted, if any, and where, by page, paragraph, and line number, the deleted allegations are located; and
(3)  state what allegations are proposed to be added to the previous pleading, if any, and where, by page, paragraph, and line number, the additional allegations are located.  See CRC Rule 3.1324(a).

The moving party must include a separate declaration that specifies:
(1)  the effect of the amendment,
(2)  why the amendment is necessary and proper,
(3)  when the facts giving rise to the amended allegations were discovered; and
(4)  the reasons why the request for amendment was not made earlier.  See CRC Rule 3.1324(b).

Plaintiffs failed to present a supporting declaration, as required by Rule 3.1324(b) above.

Accordingly, the motion is DENIED.

Date:  May 23, 2014

_Deirdre H. Hill_
Judge Deirdre Hill

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/23/14

DEPT. 49

HONORABLE DEIRDRE HILL          JUDGE   C. WASHINGTON          DEPUTY CLERK

HONORABLE          JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
#5
       F. ESTRADA, C.A.          Deputy Sheriff   NONE
                                                                Reporter

8:35 am   BC526011                    Plaintiff   JUAN DOTSON
                                      Counsel
       MARY NICHOLAS TORRES ET AL
       VS                             Defendant   ROSENDO GONZALEZ
       WILLIAM NICHOLAS ET AL         Counsel

**NATURE OF PROCEEDINGS:**

MOTION FOR LEAVE;

MOTION FOR PRELIMINARY INJUNCTION;

Matter is called for hearing, argued and ruled upon
by the Court.

The Court rules in accordance with its Tentative
Ruling which is adopted and filed this date.

The motion for preliminary injunction is denied.

The motion for leave to file first amended complaint
is denied for failure to comply with CRC Rule
3.1324(b).

Page   1 of   1   DEPT. 49

# Exhibit "13"

# G&A

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
www.los-angeles-business-law.com

## Gonzalez & Associates
A Professional Law Corporation

July 9, 2014

Rosendo Gonzalez
rossgonzalez@gonzalezplc.com
(bankruptcy, commercial law and
business litigation)
· also admitted in Texas

Lazaro Fernandez
· Of Counsel
(bankruptcy and business law)
· also admitted in Florida

Joaquin Talleda
· Of Counsel
(corporate and immigration law;
bond work)

Mireya Gonzalez
· Trustee Administrator
migonzalez@gonzalezplc.com

**Via email (juandotson@gmail.com)**
**And First Class Mail**

Juan Dotson, Esq.
Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, CA 90633

     Re:  Mary Nicholas Torres, et al. v.
           William Nicholas, et al.
           LASC Case No. BC526011

Dear Mr. Dotson:

    As you know, at approximately 10:06 a.m. on Monday, July 7, 2014, I received a call from you informing that your clients would again seek on an *ex parte* basis at 8:30 a.m. on July 9, 2014, in Department "49" a permanent injunction preventing the disbursement of the sale proceeds and to amend the complaint.

    I promptly emailed you a letter at 10:20 a.m. on July 7, 2014, confirming your *ex parte* notice for the two matters for July 9, 2014. A copy of my July 7, 2014 email is enclosed for your reference.

    At approximately 11:41 a.m. on July 8, 2014, I received an email from you confirming that you were going forward with the two matters on an *ex parte* basis on July 9, 2014. A copy of your July 8, 2014 email is enclosed for your reference.

    In response, I prepared oppositions and my declaration against both motions.

    Incredibly, **you failed to show up for the *ex parte* noticed matters this morning.**

Juan Dotson, Esq.
July 9, 2014
Page 2


You have previously noticed two *ex parte* matters and not follow-up [requiring my oppositions]; however, with respect to those two prior *ex parte* matters, you at least had the professional courtesy to communicate that you were not proceeding with the hearing.

In view of your clear bad faith gamesmanship and tactics in direct violation of applicable law [including the California Rules of Professional Responsibilities], this letter will serve as a formal demand for you to reimburse my clients for the fees and costs, incurred in opposing the two noticed motions, in the collective amount of **$2,420** [6 hours at my billing rate of $400 and $20 in photocopying and parking]. Said payment should be payable to "Gonzalez & Associates, P.L.C."

If I have not received the payment within seven (7) days of the date of this letter, I will promptly seek an order imposing sanctions against you, *personally,* for not only that amount but also fees and costs to be incurred in preparation and adjudication of that motion. I sincerely hope that such measure will not be necessary.

If you have any questions or comments with respect to this matter, please do not hesitate to call me.

Very truly yours,


Rosendo Gonzalez

RG/rg/3423
Enclosures
cc. Clients (via email & w/enclosures)

**Ross Gonzalez**

| | |
|---|---|
| From: | Ross Gonzalez [rossgonzalez@gonzalezplc.com] |
| Sent: | Monday, July 07, 2014 10:20 AM |
| To: | 'Juan Dotson' |
| Cc: | 'docman148@gonzalezplc.com' |
| Subject: | Nicholas v. Nicholas - file no. 3424 |

This email will serve to confirm that at approximately 10:06 a.m. on today's date, you gave me telephonic notice that your office will be seeking on an *ex parte* basis at 8:30 a.m. on July 9, 2014, in Department "49" of the Los Angeles County Superior Court the "same exact relief" that you previously requested in: (1) plaintiffs' motion for leave to file amended complaint, and (2) plaintiffs' motion for permanent injunction to prevent the disbursement of sale proceeds.

As I stated and as you know, both motions were previously denied on May 24, 2014.

As I also specifically stated, I will seek the reimbursement of all attorney's fees and costs against your client and you, individually and jointly liable, with respect to opposing said motions; that is, you failed to identify any legal or factual basis for again asking for this same type of relief.

Please make sure to indicate in your moving papers that you spoke with me and that I am opposing the requested relief and will seek sanctions.

Thanks.

1

## Ross Gonzalez

| | |
|---|---|
| **From:** | Ross Gonzalez [rossgonzalez@gonzalezplc.com] |
| **Sent:** | Tuesday, July 08, 2014 11:41 AM |
| **To:** | 'docman148@gonzalezplc.com' |
| **Subject:** | FW: Nicholas v. Nicholas - file no. 3424 |

**From:** Juan Dotson [mailto:juandotson@gmail.com]
**Sent:** Tuesday, July 08, 2014 11:05 AM
**To:** Ross Gonzalez
**Cc:** docman148@gonzalezplc.com
**Subject:** Re: Nicholas v. Nicholas - file no. 3424

confirmed.

On Mon, Jul 7, 2014 at 10:19 AM, Ross Gonzalez <rossgonzalez@gonzalezplc.com> wrote:

This email will serve to confirm that at approximately 10:06 a.m. on today's date, you gave me telephonic notice that your office will be seeking on an *ex parte* basis at 8:30 a.m. on July 9, 2014, in Department "49" of the Los Angeles County Superior Court the "same exact relief" that you previously requested in: (1) plaintiffs' motion for leave to file amended complaint, and (2) plaintiffs' motion for permanent injunction to prevent the disbursement of sale proceeds.

As I stated and as you know, both motions were previously denied on May 24, 2014.

As I also specifically stated, I will seek the reimbursement of all attorney's fees and costs against your client and you, individually and jointly liable, with respect to opposing said motions; that is, you failed to identify any legal or factual basis for again asking for this same type of relief.

Please make sure to indicate in your moving papers that you spoke with me and that I am opposing the requested relief and will seek sanctions.

Thanks.

1

--
Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, CA 90631
Tel. 888-657-5648
Fax. 866-598-2429

# Exhibit "14"

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Central District of California | PROOF OF CLAIM |
|---|---|

Name of Debtor:
Maywood Donut Co., Inc., A California Corporation
6174 Maywood Avenue
Huntington Park, CA 90255

Case Number:
2:13-bk-38792-TD

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Mary Torres

**COURT USE ONLY**

Name and address where notices should be sent:

Osuna & Dotson Law
13333 Paramount Blvd, South Gate, CA 90280

Telephone number: (562) 991-5600   email: claudiaosuna16@gmail.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
  (*If known*)

Filed on:____    __

Name and address where payment should be sent (if different from above):

Telephone number:          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:      $_____214,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:  The Maywood Property Trust
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: Maywood Property Trust (See instruction #3a) | 3b. Uniform Claim Identifier (optional): C r e d i t o r  # 2 6 (See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate ☐Motor Vehicle ☐Other
Describe: TORRES TRUST; 6174 Maywood Avenue, Huntington Park, CA 90255

Value of Property: $_____

Annual Interest Rate 8.000% ☑Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
                              $_____214,000.00

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____214,000.00

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                      2

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                   or their authorized agent.                (See Bankruptcy Rule 3005.)
                                                                   (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Claudia C. Osuna
Title:  ATTORNEY
Company:  OSUNA & DOTSON LAW
Address and telephone number (if different from notice address above):

_____
_____
_____                                    (Signature)                                6/10/14
                                                                                                         (Date)

Telephone number:                          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete Items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the debt, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether or not the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)                                                                                    3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

# Exhibit "15"

# G&A

## Gonzalez & Associates
### A Professional Law Corporation

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
www.los-angeles-business-law.com

July 11, 2014

**Rosendo Gonzalez**
rossgonzalez@gonzalezplc.com
(bankruptcy, commercial law and
business litigation)
· also admitted in Texas

**Lazaro Fernandez**
· Of Counsel
(bankruptcy and business law)
· also admitted in Florida

**Joaquin Talleda**
· Of Counsel
(corporate and immigration law;
bond work)

**Mireya Gonzalez**
· Trustee Administrator
migonzalez@gonzalezplc.com

<u>Via email (claudiaosuna16@gmail.com)
And First Class Mail</u>

Claudia C. Osuna, Esq.
Osuna & Dotson Law Firm
2067 W. Whittier Blvd.
La Habra, CA 90633

Re:  In re Maywood Donut Co., Inc.
      <u>USBC Case No. 2:-13-bk-38793-TD</u>

Dear Ms. Osuna:

I have just learned that you filed on behalf of Mary Torres a motion seeking relief from the automatic stay [action in non-bankruptcy forum] in the above referenced case.

Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9011-1, this letter will serve as a formal request for you to immediately file a notice of withdrawal of that motion since it lacks any legal or factual basis.  In addition, there are a number of misrepresentations made in that motion.

In the event that you do not withdraw the motion within seven (7) days of this letter, I will be filing an opposition to the motion and a motion for the imposition of monetary sanctions against your client and you personally, jointly and severally liable, for the fees and costs to be incurred in opposing that frivolous motion.  I sincerely hope that such measure will not be necessary.

Claudia C. Osuna, Esq.
July 11, 2014
Page 2


    If you have any questions or comments with respect to this
matter, please do not hesitate to call me.

              Very truly yours,


              Rosendo Gonzalez

RG/rg/3198 & 3423
cc.  Clients